<div style="float:right">*Orange,*<br>August,<br>1814.</div>

## WHITELAW Treasurer of the Passumpsick Turnpike Company
### *vs.*
### CAHOON.

An action cannot be maintained in the name of the Treasurer of a Turnpike Company, on a contract made in the name of such Treasurer, but an action on such contract must be brought by the Company in their corporate name.

THIS was an action of *assumpsit* on a certain contract in writing, by which the defendant agreed to take five shares in the stock of

<div style="float:right">*Caledonia,*<br>September,<br>1814.</div>

*Caledonia,*
September,
1814.

Whitelaw
*vs.*
Cahoon.

the Passumpsick Turnpike Company, and to pay to the Treasurer of said Company all assessments that should be made on said shares by the Company, to the amount of twenty dollars on each share, and no more. The declaration set forth that the Company had made several assessments for the purpose of completing their road, stating the amount on the defendant's five shares, with proper averments that the defendant had been notified of the assessment, &c.

To this declaration there was a demurrer and joinder.

*Griswold* and *Fletcher,* in support of the demurrer, took several exceptions to the declaration—the principal of which was, that the action should have been brought in the name of the Company ; that it could not be maintained in the name of their Treasurer.

*J. Mattocks* and *Paddock* for the plaintiff.

Chipman Ch. J. delivered the opinion of the Court.

Several exceptions have been taken to the declaration, which certainly is not very technically drawn, but the Court have considered it necessary to take notice of but one, which is clearly fatal. It is not stated that the agreement was made with the Treasurer, but the promise was made to pay to the Treasurer. It is an agreement between the defendant and the Company. The consideration was certain shares in the Company stock, and the promise is in effect to pay the Company. The Treasurer is merely their agent, for the receipt and disbursement of monies. The Company is a corporation, capable of suing and being sued, and must sue and be sued in their corporate name.

The Company have power to make certain regulations and by laws, but they can make no by law or regulation, which will enable their Treasurer, or any officer or agent of the Company to maintain an action in his own name. Any other agent of the Company, whom they might authorize to make a contract, might as well maintain an action on such contract, as the Treasurer, in this case.

This question was correctly decided in the case Gilmore against Pope, 5 Mass. Rep. 491. Pope had subscribed for certain shares in the stock of Worcester Turnpike Company, and promised to pay to Gilmore, agent of the Company, all assessments, upon which contract the action was brought in the name of Gilmore the agent. In that case the Court held that the agent could not maintain the

action in his own name, but that the promise would support an action in the name of the Company. There is no essential difference between that case and the present.

<div style="text-align:right">*Caledonia, September, 1814.*</div>

<div style="text-align:center">Judgment for the defendant.</div>